UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT C. ADAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 3:22-cv-03016-SEM<br>) |
| ZACHARY R. COOK,<br>    Defendant. | )<br>)<br>) |

### ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for ruling is a Motion to Reconsider (Doc. 46), a Motion for Leave to Appeal *in forma pauperis* ("IFP") (Doc. 48), and a Motion for Status (Doc. 43) filed by Plaintiff Robert C. Adams.

The Court grants Plaintiff Leave to Appeal IFP. The Court has reviewed Plaintiff's Motion to Reconsider and is inclined to grant the filing if remanded for that purpose by the Seventh Circuit as permitted by Federal Rule of Civil Procedure ("Rule") 62.1. Entry of this Order moots Plaintiff's Motion for Status.

### I. BACKGROUND

Plaintiff filed a Complaint under 42 U.S.C. § 1983 (Doc. 1), alleging violations at Western Illinois Correctional Center ("Western"). After screening the pleading, the Court determined

Plaintiff stated an Eighth Amendment claim against Defendant Zachary R. Cook for refusing Plaintiff's request to use the bathroom despite Cook knowing Plaintiff's medical condition. (Doc. 5 at 6:1.)

On September 7, 2023, the Court revoked Plaintiff's IFP status and ordered Plaintiff to pay the $402 filing fee in full no later than September 29, 2023, or risk dismissal of his suit. (Doc. 36 at 6:2.) After the Court's Order was returned as undeliverable, Plaintiff was directed to show good cause why his case should not be dismissed for failing to update his address as the Court directed. (Doc. 39.) The Court's Order was again returned as undeliverable. (Doc. 40.) On October 16, 2023, the Court dismissed Plaintiff's case for failing to update his address and comply with the Court's orders. The Court entered judgment on October 18, 2023.

On November 20, 2023, Plaintiff filed a Motion to Reconsider (Doc. 46), a Notice of Appeal (Doc. 47), and a Motion for Leave to Appeal IFP (Doc. 48).

## II. MOTION FOR LEAVE TO APPEAL IFP

Title 28 U.S.C. § 1915(a)(3) states, "an appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* A "good faith" appeal is not about the movant's

sincerity or motivation. Instead, a good-faith appeal is one "a reasonable person could suppose . . . has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Plaintiff asserts that before his release on August 30, 2023, he sent a Notice of Change of Address to the Court and called the Clerk of the Court's Peoria Office the day after his release to confirm receipt. The Court notes that on August 28, 2023, Plaintiff filed a Motion for Settlement Conference (Doc. 34) in which he listed an address for the Cook County Jail, where Plaintiff was detained, and a Chicago address for the Revive Center for Healing and Housing, where Plaintiff states he resided after being released from the Cook County Jail. Plaintiff's filing did not indicate he was filing a Notice of Change of Address.

On this record, the Court declines to certify under 28 U.S.C. § 1915(a)(3) that Plaintiff's Petition for Leave to Appeal IFP is not in good faith. Accordingly, Plaintiff's Motion for Leave to Appeal IFP (Doc. 48) is granted.

### III. MOTION TO RECONSIDER

As provided by Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment." Fed. R. Civ. P. 59(e). "That time cannot be extended." *Justice v. Town of Cicero*, 682 F.3d 662, 663 (7th Cir. 2012); *see also Eberhardt v. Brown*, 580 F. App'x 490, 491 (7th Cir. 2014) ("litigants who proceed without counsel are not excused from following procedural rules").

"[A]n untimely Rule 59 motion is treated as a motion under Rule 60(b) . . . ." *Justice*, 682 F.3d at 665; *see also Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("[W]e have established a bright-line rule that any [Rule 59] motion for reconsideration filed after the deadline must be construed as a [Rule 60(b)] motion to vacate.").

Plaintiff filed his Motion to Reconsider thirty-three days after the Court entered judgment on October 18, 2023. Thus, Rule 60(b) governs Plaintiff's filing.

Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The Court has reviewed Plaintiff's Rule 60(b) motion and is inclined to grant the motion if remanded for that purpose by the Seventh Circuit.

Entry of the Court's Order renders moot Plaintiff's Motion for Status (Doc. 43).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to Appeal IFP (Doc. 48) is GRANTED**

2) **The Court NOTIFIES the Seventh Circuit of its intent to grant Plaintiff's Motion for Reconsideration (Doc. 46) if remanded for that purpose.**

3) **Plaintiff's Motion for Status (Doc.43) is MOOT.**

4) **The Clerk of the Court SHALL update Plaintiff's address on the docket to Revive Center for Healing and Housing, 1668 West Ogden Ave., Chicago, Illinois 60612.**

5) **The Clerk of the Court SHALL send a copy of this Order to the Seventh Circuit Court of Appeals.**

ENTERED March 18, 2024.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE